This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ROBERT ORDUÑO,**

Plaintiff-Appellant,

v.                                                          **No. 33,948**

**GUS MARTINEZ, County Assessor;**
**PATRICK "PAT" VARELA, County Treasurer;**
**and NELSON J. GOODIN, Chief Legal Counsel,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Robert Orduño
Santa Fe, NM

Pro Se Appellant

Bridget A. Jacober
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     Plaintiff appeals the district court's dismissal of his claim for a refund of real estate taxes that he paid to the County of Santa Fe. We issued a notice proposing to affirm, and Plaintiff has filed a motion to amend the docketing statement as well as a memorandum in opposition to the proposed affirmance. We have carefully considered Plaintiff's pleading; however, for the reasons briefly discussed below, we continue to believe that the district court did not commit error when it dismissed Plaintiff's complaint.

{2}     In the notice of proposed disposition, we pointed out that courts have uniformly held that, once a private individual obtains title to a parcel of real estate, that real estate is subject to taxation by state and local governments even if title to the property was obtained from the federal government pursuant to a land patent. In response, Plaintiff continues to maintain that his Land Patent confers ownership of the property to him in perpetuity, and grants him "absolute and supreme title" to his land. However, ownership of the property is not in dispute here; we accept Plaintiff's assertions that he has a valid patent to the property and is therefore the owner. What is at issue in this case is the question of whether Plaintiff is required to pay property taxes assessed on his property. As we discussed in the notice, we believe he is so required, and none of the arguments raised in the memorandum in opposition convinces us otherwise. For example, the cases Plaintiff cites, for the proposition that

2

private property located on land owned by the United States is not subject to taxation by a state, do not assist his argument because Plaintiff's property is no longer owned by the United States but instead has been granted to Plaintiff, a private individual. For that reason, the principle we discussed in the notice applies here -- once property formerly owned by the federal government is separated from such ownership and conveyed to a private individual, that property is subject to taxation by state and local governments.

{3} Although it is not entirely clear, Plaintiff also appears to be again arguing that he should have been granted a default judgment because Defendant filed a motion to dismiss rather than answering Plaintiff's complaint. As we pointed out in the notice of proposed disposition, this procedure is permissible and no default judgment was warranted. We therefore reject this argument as well.

{4} Finally, Plaintiff directs our attention to affidavits that he filed with this Court, which he claims should have been answered by Judge Bustamante, who signed the notice of proposed disposition. In the absence of such an answer, Plaintiff maintains this Court is bound by the contents of the affidavits. This is not how the legal system works; judges are not bound by affidavits of parties. Instead, the parties submit arguments and facts to the judges, who then determine the outcome of the case by

applying legal principles to those arguments and facts. Having done so here, we affirm the district court's decision in this case.

{5}   **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**J. MILES HANISEE, Judge**